```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF IOWA


UNITED STATES OF AMERICA,      )
                               )    NO. 4:05-cr-00050-UNA-RAW
          Plaintiff,           )
                               )    ORDER CONCERNING
     vs.                       )    GOVERNMENT'S MOTION
                               )    TO DETAIN DEFENDANT
LOUIS EUGENE WOOLHEATER,       )
                               )
          Defendant.           )
```

   Defendant Woolheater is indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At his initial appearance on May 10, 2005, the government moved to detain defendant and a detention hearing was set for May 12. At the detention hearing, the Court inquired about the government's basis for detaining the defendant. The detention hearing proceeded and the Court took the matter under advisement subject to further consideration of the legal issues presented by the government's request to detain the defendant. The government was asked to provide further information concerning defendant's criminal convictions in California and New York, and it has since presented criminal records from those jurisdictions and information concerning the state statutes involved. Both parties have also briefed the issues.

   In the interim, on May 13, 2005, the government swore out a two-count Complaint against the defendant charging him with being a felon in possession, and possession of firearms not registered in

the National Firearms Registration and Transfer Record in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. §§ 5845(a), 5861(d). Both of these new charges relate to defendant's possession of three silencers. Defendant has not yet appeared in Court on the Complaint.

I.

The government moves to detain defendant under the authority of 18 U.S.C. § 3142(f)(1). That subsection requires the Court to hold a hearing to determine whether any condition or combination of conditions of release will reasonably assure defendant's appearance and the safety of the community upon motion of the government in a case that involves, as relevant here:

> (A)  A crime of violence;
> . . . .
> . . . .
> (D)  Any felony if such person has been convicted of two or more offenses described in subparagraph[] (A) . . . or two or more State or local offenses that would have been offenses described in subparagraph[] (A) . . . of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses . . . .

18 U.S.C. § 3142(f)(1)(A), (D). "Crime of violence" is a defined term in the Bail Reform Act. Two subparagraphs of the definition need to be examined in this case, one pertaining to any offense and the other only to felony offenses.

> (4)  [T]he term "crime of violence" means--
> (A)  an offense that has an element of the offense the use, attempted use, or

>>threatened use of physical force against the person or property of another;
>(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . . .

18 U.S.C. § 3156(a)(4)(A), (B).  "Felony" in turn "means an offense punishable by a maximum term of imprisonment of more than one year."  18 U.S.C. § 3156(a)(3).

In defendant's case unless one of the crimes currently charged against him is a crime of violence or his criminal history reflects two or more federal or state offenses that meet the statutory definition of crime of violence the government is not entitled to a detention hearing under § 3142(f)(1) and, it follows, defendant is not subject to detention.  The government argues that felon in possession of a firearm is a crime of violence, the possession of unregistered silencers is a crime of violence, and defendant's criminal history reflects three violent felony convictions.  The Court will take these contentions in turn.

As the government's brief reflects, I have made four written rulings on the subject of whether felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is a crime of violence.  The cases are cited in footnote 1 of the government's brief.  Each time I have found that the offense is not a crime of violence, and I now do so again.  It is not necessary to repeat all of the reasons for this holding expressed before.  However, the

most recent appellate opinion on the subject merits discussion because it recognizes that recent U.S. Supreme Court authority lends support to the conclusion that felon in possession of a firearm is not a crime of violence.

In United States v. Johnson, 399 F.3d 1297 (11th Cir. 2005), the Eleventh Circuit joined the D.C. Circuit and Seventh Circuit in holding that felon in possession of a firearm is not a crime of violence. Id. at 1300-1301 (citing United States v. Lane, 252 F.3d 905 (7th Cir. 2001) and United States v. Singleton, 182 F.3d 7 (D.C. Cir. 1999)).[1]  In so holding the Johnson court found the Supreme Court's recent opinion in Leocal v. Ashcroft, ___ U.S. ___, 125 S. Ct. 377 (2004), to be instructive.  399 F.3d at 1301. Leocal involved a lawful permanent resident of the United States who was being subjected to removal proceedings by immigration authorities because he had been convicted of two driving under the influence of alcohol (DUI) convictions. The immigration statute in question adopted the "crime of violence" definition in 18 U.S.C. § 16.  The § 16 definition is identical to the language in § 3156(a)(4)(A), (B) quoted above.  Referring to the subparagraph pertaining to felony convictions (the only one that could apply to felon in possession), the Supreme Court unanimously held DUI was

---

[1] The Second Circuit has held that felon in possession of a firearm is a crime of violence under the Bail Reform Act definition. United States v. Dillard, 214 F.3d 88 (2d Cir. 2000), cert. denied, 532 U.S. 907 (2001).

4

not a crime of violence.  It viewed the statutory reference to "a substantial risk that physical force against the person or property of another may be used" as relating "<u>not</u> to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." ___ U.S. at ___, 125 S. Ct. at 383 (emphasis original).  The Court continued that "[i]n no 'ordinary or natural' sense can it be said that a person risks having to 'use' physical force against another person in the course of operating a vehicle while intoxicated and causing injury." <u>Id</u>.  The Court thus viewed the statutory definition as suggesting "a category of violent, active crimes that cannot be said naturally to include DUI offenses." <u>Id</u>.  Taking its lead from <u>Leocal</u>, the Eleventh Circuit concluded:

> . . . Although possession of a firearm by a felon, like drunk driving, may in some cases involve <u>conduct</u> that creates a heightened risk of injury or violence, it cannot be said that the <u>offense</u> of simple possession of a firearm "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense."

399 F.3d at 1302 (quoting <u>Leocal</u>, 125 S. Ct. at 383) (emphasis original to court of appeals).

The Supreme Court's reasoning in <u>Leocal</u> is also against a finding that the possession of unregistered silencers as charged in the new Complaint is a crime of violence.  Firearms subject to the registration requirement are "only those weapons and devices

5

which Congress believed to be either so inherently dangerous and lacking in legitimate utilitarian purpose, or so susceptible to misuse in criminal activities that they should not be possessed by private citizens freely and without federal regulation." (Pl. Brief at 9.) Possession of unregistered firearms is illegal for all private citizens regardless of criminal record. Possession of a silencer is not a "violent, active crime . . . ." Leocal, ___ U.S. at ____, 125 S. Ct. at 383. Like firearms generally, the offense of possession of a silencer may well be associated with conduct which involves a risk of injury or violence, but the offense does not involve a substantial risk that the person possessing the silencer "will use force against a victim in completing the crime." Id. The Court therefore agrees with defendant that in light of the U.S. Supreme Court's discussion in Leocal possession of an unregistered silencer cannot be considered a crime of violence.

That leaves defendant's criminal history. Upon closer review it does not appear that the government has presented evidence that defendant has been convicted of three violent felony convictions. The three possible candidates are: (1) a 1989 misdemeanor conviction in San Diego, California, for annoying or molesting a child under the age of eighteen in violation of Cal. Penal Code § 647.6; (2) a 1999 misdemeanor conviction in Cortland, New York, for sexual abuse in the second degree in violation of

§ 130.60(1) of the New York penal code (see McKinney's Penal Law §§ 70.15(1), 130.60(1)); and (3) on the same date in Cortland, New York, a felony conviction for bail jumping in the second degree in violation of New York penal code § 215.56 (see McKinney's Penal Law § 215.56).

Under the Bail Reform Act whether a crime is a crime of violence is determined categorically, that is with reference to "the elements and the offense of conviction, rather than to the particular facts relating" to the crime. Leocal, ___ U.S. at ___, 125 S. Ct. at 381; Johnson, 399 F.3d at 1301.

Defendant's conviction for annoying or molesting a child under the age of eighteen was a misdemeanor. Therefore it is a crime of violence under the Bail Reform Act only if the offense "has an element . . . the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). According to the most recent edition of California Jury Instructions the elements of the crime of annoying or molesting a child under eighteen are:

> 1. A person engaged in [acts] [or] [conduct] directed at a child under the age of eighteen years which would unhesitatingly disturb or irritate a normal person if directed at that person; and
> 2. The [acts] [or] [conduct] [were] [was] motivated by an unnatural or abnormal sexual interest in [name of child] [the alleged child victim].

7

CALJIC 16.440 (brackets original).  The use, attempted use or threatened use of physical force is not an element of the crime and accordingly annoying or molesting a child under eighteen in violation of California Penal Code § 647.6 is not a crime of violence.[2]

The New York crime of sexual abuse in the second degree is also a misdemeanor.  A certification of conviction (among the records provided to the Court after the detention hearing) from New York indicates that defendant was convicted of a violation of subsection 1 of the statute.

> A person is guilty of sexual abuse in the second degree when he or she subjects another person to sexual contact and when such other person is:
>
> 1.  incapable of consent by reason of some factor other than being less than seventeen years old . . . .

McKinney's Penal Law § 130.60(1).  New York law defines "sexual contact" as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party."  McKinney's Penal Law § 130.00(3). For present purposes, the Court will assume that inherent in this

---

[2]The records and police reports from California, provided to the Court following detention hearing, indicate that defendant, while at a female companion's residence and naked went into the bedroom of the companion's three minor daughters and allegedly rubbed the vagina of one of the daughters, twelve years old. Defendant allegedly admitted to going into the bedroom while unclothed, but denied molesting the child.

8

definition is the use, attempted use or threatened use of physical force against the victim.

Bail jumping in the second degree is a felony in New York. McKinney's Penal Law § 215.56. However, it consists only of failing to appear in connection with a criminal prosecution following release on bail or upon the person's own recognizance. Id. Physical force is not an element of the offense. Nor, in the Court's judgment, is there a substantial risk that in committing or completing the crime the bail jumper will use force. A simple failure to appear for required criminal proceedings is not the type of "violent, active crime" Congress had in mind when it defined crimes of violence. Leocal, ___ U.S. at ___, 125 S. Ct. at 383.[3]

Defendant is not charged with a crime of violence. He has not been convicted of two or more crimes of violence or other predicate offenses under 18 U.S.C. § 3142(f)(1)(D). Accordingly, the government may not request defendant's detention under 18 U.S.C. § 3142(f)(1), and as that is the only basis for the requested detention, defendant must be released pending trial.

---

[3] The Eighth Circuit has held that escape, even a "walkaway escape," is a violent felony under § 924(e) and U.S.S.G. § 4B.2. United States v. Childs, 403 F.3d 970, 971 (8th Cir. 2005); United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001). The definition under these provisions refers to offenses involving conduct "which by its nature, presented a serious potential risk of physical injury to another."

II.

Defendant shall be subject to conditions of release. 18 U.S.C. § 3142(c). The record indicates defendant should be regarded as presenting both a danger to the community and a risk of flight (though as the Court indicated at hearing the Court believes there are conditions of release which would provide reasonable assurance for defendant's appearance). Two of the firearms charged in Count 2 of the Indictment were military in nature, with a scope. One of the firearms was stolen. As noted, defendant also allegedly possessed three silencers, one with powder residue indicating it had been used. Silencers serve no legitimate purpose, that is why they must be registered, and when associated with military weapons and a scope are probative of dangerousness.

Part of defendant's criminal history is described above. In addition, on August 19, 2004 defendant was convicted in Iowa of failing to register on the sex offender registry.[4] Defendant was given a two-year suspended sentence (a "felony" under the Bail Reform Act definition) and was placed on probation for a year. While defendant was on probation an Iowa Department of Natural Resources officer cited him in connection with a poaching incident. Defendant was found in the possession of a rifle with which he had

---

[4]By proffer defendant states that he had moved to Missouri (a fact not consistent with the pretrial services report), he notified authorities there that he was required to register, but he forgot to notify Iowa authorities that he was moving to Missouri.

been hunting.  As a result, defendant's probation from the sex offender registry offense was revoked and he was sent to jail for ninety days on February 8, 2005.  Upon the expiration of that sentence, he appeared on the present federal charges.  The fact that defendant was on probation at the time of one of the offenses charged in the Indictment is an express statutory factor to consider in assessing a defendant's dangerousness.  18 U.S.C. § 3142(g)(3)(B).

Defendant is currently a "person of interest" in a homicide investigation.  The victim was found murdered on property adjacent to the residence in Altoona, Iowa, where defendant and his wife and two children were residing.  There is not much in the record about the homicide or evidence of defendant's involvement in it.  The investigating officer, Altoona Police Department Officer Ken Dale, declined to provide much information because of the ongoing investigation.  Consequently, the fact defendant may be the subject of the homicide investigation can be given little weight.

There is one aspect of the homicide investigation, however, which is appropriate to consider here.  Officer Dale testified many witnesses have been interviewed, and five or six of them have expressed fear of defendant. According to Dale defendant has made statements to numerous people about being involved in murder for hire and killing people overseas.  The witnesses tend to believe him and that is the source of their fear.

With respect to the other relevant factors, defendant's character to the extent disclosed in the record is not a positive factor. He does have community and family ties. He has resided in the Des Moines area since October 1999. He has been self employed since 2001 installing seamless gutters in the Des Moines area. In the Court's judgment, however, defendant's family, community and employment ties do not detract from the need for conditions of release that provide suitable supervision.

The Court is advised the Fort Des Moines halfway house will not take defendant in view of the sex abuse related crimes in his past. The Court believes that strict conditions of release are appropriate in defendant's case. The parties may have until **May 25, 2005** to make any specific proposals in this regard. Also, it is apparent from the detention hearing record and the attention the government has devoted to briefing and supplementing the record that the government has a particular concern in defendant's case. Defendant will not be released for at least forty-eight (48) hours to permit the government to seek review of this ruling by a district judge if it so desires.

Defendant will be released on conditions to be set by separate order. Until those conditions are established and until

further order of the Court, defendant will remain temporarily detained.[5]

The motion to detain defendant is denied subject to the foregoing [15].

IT IS SO ORDERED.

Dated this 23rd day of May, 2005.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5] On the Court's own motion the criminal investigation and conviction information from California and New York has been marked as Court Ex. 1 and shall be a part of the detention hearing record.